Gilbert W. GODWIN, Petitioner,

v.

Ray PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14480.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1968.

Gilbert W. Godwin, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

## MEMORANDUM OPINION

BUSSEY, Judge.

On the 23rd day of October, 1967, Gilbert W. Godwin, hereinafter referred to as defendant, filed an application for habeas corpus seeking his release from confinement in the State Penitentiary where he is currently imprisoned by virtue of a judgment and sentence rendered against him in the District Court of Tulsa County, Oklahoma, setting his punishment at an indeterminate sentence of from five to fifteen years.

In his petition, defendant urges that he was arrested without warrant; his car was illegally searched without warrant; and certain property was seized illegally. He further states that he was illegally questioned while in jail without being advised of his rights to the assistance and advice of counsel. Defendant further states:

"Petitioner further contends that the prosecution intimidated him into pleading guilty to said charge of robbery with threats, abuse, and coercion, said threats, abuse and coercion were in the form of an extremely excessive sentence if convicted therefor."

The record of the trial court reflects the following:

"THE COURT: All right, Mr. Green, what is your announcement in the case, State vs. Godwin?

MR. GREEN: Your Honor, at this time Mr. Godwin would like to withdraw his former plea of not guilty and at this time enter a plea of guilty and if the Court pleases, he requests that immediate sentence and immediate transportation be given.

THE COURT: Mr. Godwin, what is your age?

MR. GODWIN: Beg your pardon, sir?

THE COURT: Your age?

MR. GODWIN: 44.

THE COURT: Mr. Godwin, you understand that your case is set this morning for a trial by jury?

MR. GODWIN: Yes, sir.

THE COURT: And your counsel has indicated you desire to enter a plea of guilty. Is that correct?

MR. GODWIN: Yes, sir.

THE COURT: Do you tell the Court that you desire to waive your right of trial by jury and submit your case to the Court without the benefit of a jury?

MR. GODWIN: Yes, sir.

THE COURT: Has anyone promised you anything whatsoever to get you to waive your right of trial by jury?

MR. GODWIN: No, sir.

THE COURT: You understand that we have in attendance this morning a jury which is ready and available to try your case if you want a trial by jury, you understand this?

MR. GODWIN: Yes.

THE COURT: Have you been represented by an attorney throughout all the proceedings in the case?

MR. GODWIN: Yes, sir.

THE COURT: Has anyone promised you anything to get you to enter this plea of guilty?

MR. GODWIN: No, sir.

THE COURT: Has anyone threatened you in any way or coerced you into entering this plea of guilty?

MR. GODWIN: No, sir.

THE COURT: You tell me you enter this plea voluntarily?

MR. GODWIN: Yes, sir.

THE COURT: Do you have any hesitation about entering this plea of guilty?

MR. GODWIN: No, sir.

THE COURT: Very well. I will accept your plea of guilty and find you guilty of the crime of robbery with firearms.

Under the law, Mr. Godwin, you are entitled to have 48 hours pass between the time you enter a plea of guilty and the time the Court fixes your sentence, or you can waive this two-day period and have your sentence pronounced this morning. What is your wish in that connection?

MR. GODWIN: Have it pronounced.

THE COURT: You want your sentence pronounced this morning?

MR. GODWIN: Yes, sir.

THE COURT: Very well. Gilbert Wesley Godwin, it will be the judgment and sentence of this Court that you be sentenced to serve a term not less than five nor more than fifteen years in the Oklahoma State Penitentiary at McAlester. Even though you have entered a plea of guilty, the law requires that I advise you that you have the right to appeal from this judgment and sentence, but before any appeal can be entered you must within ten days from this date file in writing your notice of intent to appeal; you must also file in writing a motion for a new trial. In the event you do not file these two written instruments in the case within ten days your rights of appeal will have been waived. Also you are entitled to have counsel of your own choosing represent you on the appeal, if you so desire,

and if you are unable to finance the cost of the appeal or unable to hire an attorney, you may within ten days from this date make a written application to the Court to proceed in forma pauperis, and if the Court is convinced after hearing, that you do not have the funds to pay the cost of the appeal or that you have no friends or relatives who can assist you in financing the appeal the Court will appoint counsel to represent you on the appeal and direct the appeal to be paid for by the State of Oklahoma.

Do you have any wishes at this time in connection with the appeal?

MR. GODWIN: No, sir.

THE COURT: Your counsel indicated to the Court a few moments ago that you desired immediate transportation to the penitentiary, is this correct?

MR. GODWIN: Yes, sir.

THE COURT: You understand that under the law you have the right to remain here in the Tulsa County Jail for a period of ten days to aid your counsel in perfecting your record so that you can make an appeal, do you understand that?

MR. GODWIN: Yes, sir.

THE COURT: Do you want to remain here ten days to aid counsel or do you want to be transported immediately to the penitentiary?

MR. GODWIN: Be transported to the penitentiary.

* * * "

 Under the situation here presented, we are of the opinion that defendant's contention that his constitutional rights were violated when he was illegally arrested and illegally questioned are without merit since the record affirmatively shows that he appeared in court with counsel, voluntarily entered a plea of guilty with full knowledge of the nature and consequences of said plea, and was thoroughly and completely advised by the trial court of his rights relating to an appeal. Defendant's allegation that he was coerced, threatened and intimidated into entering a plea of guilty by the prosecuting

authorities of Tulsa County is likewise not supported by the record as can be seen by an examination of the transcript of the trial proceedings, supra.

We are of the opinion that the relief prayed for should be and the same is hereby denied, and the Attorney General is directed to conduct an investigation and determine the feasibility of filing perjury charges against the petitioner. Writ denied.

NIX, P. J., and BRETT, J., concur.